## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WESTCODE, INC., | ) | |
|       Plaintiff, | ) | |
| | ) | |
|   v. | ) | Case No. 15-cv-02971-LDD |
| | ) | |
| MITSUBISHI ELECTRIC CORPORATION, | ) | |
|       Defendant. | ) | |
| | ) | |

### [PROPOSED] ORDER GRANTING DEFENDANT'S
### MOTION TO DISMISS COMPLAINT

**AND NOW,** this _____ day of _____, 2015, upon consideration of

Defendant's Motion to Dismiss Complaint, Defendant's Memorandum of Law in Support of

Motion to Dismiss Complaint, and any response to the Motion, for the reasons set forth in the

Memorandum of Law, it is hereby

**ORDERED** that, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), the

motion is **GRANTED**; and

**FURTHER ORDERED** that all of Plaintiff's claims against Defendant contained in the

Complaint are **DISMISSED**.

BY THE COURT:

_____
Hon. Legrome D. Davis
U.S. District Court Judge

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WESTCODE, INC., | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 15-cv-02971-LDD |
| | ) | |
| MITSUBISHI ELECTRIC CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

### <u>DEFENDANT'S MOTION TO DISMISS COMPLAINT</u>

Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), Defendant

Mitsubishi Electric Corporation hereby moves this Court for an Order dismissing Plaintiff's

complaint in its entirety, without prejudice, for lack of subject matter jurisdiction and for

failure to state a claim upon which relief may be granted.  The grounds for this Motion are set

forth in the accompanying Defendant's Memorandum of Law in Support of Motion to Dismiss

Complaint and the exhibits attached thereto, filed contemporaneously with this Motion, which

are herein incorporated by reference.

HANGLEY ARONCHICK SEGAL
PUDLIN & SCHILLER

Dated:  July 1, 2015

By:  */s/ William T. Hangley*

William T. Hangley (P.A. Atty. No. 3533)
One Logan Square, 27th Floor
Philadelphia, PA 19103
(215) 568-6200 (telephone)
(215) 568-0300 (facsimile)
whangley@hangley.com

OF COUNSEL:

Terrence J. Truax
Catherine L. Steege
Devlin Su
JENNER & BLOCK, LLP
353 North Clark Street
Chicago, Illinois 60654-3456
(312) 222-9350 (telephone)

*Attorneys for Defendant Mitsubishi Electric*
*Corporation*

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

WESTCODE, INC.,                )
                        )
          Plaintiff,        )
                        )
     v.                   )      Case No. 15-cv-02971-LDD
                        )
MITSUBISHI ELECTRIC CORPORATION,  )
                        )
          Defendant.     )
                        )

**DEFENDANT'S MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO DISMISS COMPLAINT**

# TABLE OF CONTENTS

Page(s)

INTRODUCTION ..................................................................................................................1

PROCEDURAL AND FACTUAL BACKGROUND..................................................................3

STANDARD OF REVIEW .....................................................................................................5

ARGUMENT ........................................................................................................................5

I.   The Court Should Dismiss Or Transfer The Pennsylvania Complaint Based Upon The
     "First-Filed" Rule..........................................................................................................5

     A.  MELCO Has Demonstrated (And Westcode Has Conceded) That The First-Filed
         Rule Applies To The Pennsylvania Action...........................................................6

     B.  No Exceptional Reasons Exist For Departing From The First-Filed Rule. .....................10

     C.  A Dismissal Will Not Prejudice Westcode, But Alternatively, The Court Should
         Transfer Count IV To The First-Filed Case.......................................................12

II.  This Court Lacks Subject Matter Jurisdiction Over Counts I, II And III Because
     These Claims Are Not Ripe For Decision. ...............................................................14

     A.  MELCO And Westcode's Interests Are Not Currently Adverse.......................................15

     B.  Any Judgment On Counts I, II Or III Also Would Not Be Sufficiently Conclusive.........16

     C.  This Court Cannot Render A Judgment With Practical Utility On Counts I, II,
         And III.............................................................................................................17

III. This Court Should Exercise Its Discretion And Dismiss Westcode's Complaint. ..................18

CONCLUSION....................................................................................................................20

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Auto Parts Mfg. Miss. v. King Constr. of Houston, LLC*,
  No. 1:11-CV-00251-GHD-SAA, 2014 U.S. Dist. LEXIS 38305 (N.D. Miss. Mar. 24,
  2014) ......................................................................................................................................18

*Crosley Corp. v. Hazeltine Corp.*,
  122 F.2d 925 (3d Cir. 1941)............................................................................................1, 6

*CTI Sys. SA v. Herr Indus.*,
  No. 14-cv-6723, 2015 U.S. Dist. LEXIS 30366 (E.D. Pa. Mar. 11, 2015) .............................7

*Cygnus Ventures, Inc. v. EFS Nat'l Bank, N.A.*,
  No. 00-cv-1539, 2000 U.S. Dist. LEXIS 8704 (E.D. Pa. June 2, 2000)...................................8

*D&L Distrib., LLC v. Agxplore Int'l, LLC*,
  959 F. Supp. 2d 757 (E.D. Pa. 2013) ..........................................................................................6

*Freshtec Food Processing v. East Tray, LLC*,
  No. 05-142J, 2005 U.S. Dist. LEXIS 29335 (W.D. Pa. Nov. 22, 2005) ..............................8, 9

*Good Lad Co. v. B&W Assocs.*,
  No. 98-6612, 1999 U.S. Dist. LEXIS 1047 (E.D. Pa. Feb. 5, 1999) .........................................7

*In re Beaver Building Centers, Inc.*
  127 B.R. 343 (Bankr. W.D. Pa. 1991) ...........................................................................16, 17

*In re Niaspan Antitrust Litig.*,
  42 F. Supp. 3d 735 (E.D. Pa. 2014) ..........................................................................................3

*In re Schering-Plough Corp. Intron/Temodar Consumer Class Action*,
  678 F.3d 235 (3d Cir. 2012).......................................................................................................5

*Jumara v. State Farm Ins. Co.*,
  55 F.3d 873 (3d Cir. 1995).................................................................................................13, 14

*Mariotti v. Mariotti Bldg. Prods., Inc.*,
  714 F.3d 761 (3d Cir. 2013)........................................................................................................5

*Monsanto Tech. LLC v. Syngenta Crop Prot. Inc.*
  212 F. Supp. 2d 1101 (E.D. Mo. 2002).....................................................................................6

*N. Am. Commc'ns, Inc. v. Homeowners Loan Corp.*,
  No. 3:2006-147, 2007 U.S. Dist. LEXIS 4288 (W.D. Pa. Jan. 22, 2007) ....................2, 7, 8, 9

*National Foam v. Williams Fire & Hazard Control*,
    No. 97-3105, 1997 U.S. Dist. LEXIS 16734 (E.D. Pa. Oct. 28, 1997) ..............................3, 19

*New Jersey Hospital Ass'n v. United States*,
    23 F. Supp. 2d 497 (D.N.J. 1998) ........................................................................15

*Norben Import Corp. v. Metro. Plant & Flower Corp.*,
    No. 05-54 (JCL), 2005 U.S. Dist. LEXIS 34386 (D.N.J. July 15, 2005) ..............................13

*Nowicki v. United Timber Co.*,
    No. 99-257, 1999 U.S. Dist. LEXIS 12458 (E.D. Pa. Aug. 12, 1999) ..................................13

*Orix Credit Alliance, Inc. v. Wolfe*,
    212 F.3d 891 (5th Cir. 2000) ..............................................................................15

*Pennsylvania State Lodge, FOP v. Commonwealth*,
    692 A.2d 609 (Pa. Commw. Ct. 1997) ..................................................................18

*Philadelphia Fed'n of Teachers v. Ridge*,
    150 F.3d 319 (3d Cir. 1998)................................................................................5

*Schiller-Pfeiffer, Inc. v. Country Home Prods.*,
    No. 04-cv-1444, 2004 U.S. Dist. LEXIS 24180 (E.D. Pa. Dec. 1, 2004).......................8, 9, 10

*Schmidt v. Skolas*,
    770 F.3d 241 (3d Cir. 2014)................................................................................3

*SEC v. Mgmt. Solutions*,
    No. 2:11-cv-01165-BSJ, 2013 U.S. Dist. LEXIS 21552 (D. Utah Feb. 15, 2013).................18

*Shire U.S. Inc. v. Johnson Matthey, Inc.*,
    543 F. Supp. 2d 404 (E.D. Pa. 2008) ..................................................................3

*Step-Saver Data Systems, Inc. v. Wyse Technology*,
    912 F.2d 643 (3d Cir. 1990)....................................................................... passim

*Stone Creek Mech. v. Carnes Co.*,
    No. 02-cv-1907, 2002 U.S. Dist. LEXIS 20721 (E.D. Pa. Oct. 25, 2002) ..............................11

*Strategic Learning, Inc. v. Wentz*,
    No. 04-4341, 2005 U.S. Dist. LEXIS 1609 (E.D. Pa. Feb. 1, 2005) ......................................13

*Taylor Inv., Ltd. v. Upper Darby Twp.*,
    983 F.2d 1285 (3d Cir. 1993)................................................................................5

*United States ex rel. Spay v. CVS Caremark Corp.*,
    913 F. Supp. 2d 125 (E.D. Pa. 2012) ..................................................................3

*Uti Corp. v. Plating Resources, Inc.,*
  No. 99-253, 1999 U.S. Dist. LEXIS 6521 (E.D. Pa. May 7, 1999)...........................................6

*Williams v. BASF Catalysts LLC*,
  765 F.3d 306 (3d Cir. 2014)...............................................................................15, 16, 17, 18

*Zelenkofske Axelrod Consulting, L.L.C. v. Stevenson*,
  No. 99-3508, 1999 U.S. Dist. LEXIS 12137 (E.D. Pa. Aug. 6, 1999) ........................... passim

STATUTES

28 U.S.C. § 1404(a) ..................................................................................................................12

28 U.S.C. § 2201(a) ................................................................................................................2, 18

Fed. R. Civ. P. 8(c)(1).............................................................................................................5, 12

Pa. R. Civ. P. 401(b)(1)............................................................................................................4, 8

Pa. R. Civ. P. 401(b)(5)............................................................................................................4, 8

Pa. R. Civ. P. 404.........................................................................................................................4

OTHER AUTHORITIES

United States Courts, *Civil Justice Reform Act*: *Report of Motions Pending over Six
  Months* 171 (Sept. 30, 2014), *available at* http://www.uscourts.gov/file/18076/
  download...............................................................................................................................14

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| WESTCODE, INC., | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 15-cv-02971-LDD |
| | ) | |
| MITSUBISHI ELECTRIC CORPORATION, | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT'S MEMORANDUM OF LAW**
**IN SUPPORT OF MOTION TO DISMISS COMPLAINT**

**INTRODUCTION**

Defendant Mitsubishi Electric Corporation ("MELCO") has moved, pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, for the dismissal of Plaintiff Westcode Inc.'s ("Westcode") Complaint. The Court should dismiss Westcode's Complaint or transfer it to the Northern District of New York for three reasons:

*First*, the Complaint violates the Third Circuit's long established "first-filed" rule, which commands that "[i]n all cases of federal concurrent jurisdiction, the court which first has possession of the subject must decide it." *Crosley Corp. v. Hazeltine Corp.*, 122 F.2d 925, 929 (3d Cir. 1941) (internal quotation marks omitted). Here, MELCO first filed suit in the United States District Court for the Northern District of New York for breach of contract. Westcode responded by filing the instant complaint, asking this Court in Count IV to declare that it has a statute of limitations defense to MELCO'S already-pending contract claim. As Westcode has conceded in the motion to dismiss MELCO's complaint, which it recently filed in the Northern District of New York, the "first-filed" rule applies because both complaints ask the same question: is Westcode liable for breach of contract? *See, e.g., Zelenkofske Axelrod Consulting,*

*L.L.C. v. Stevenson*, No. 99-3508, 1999 U.S. Dist. LEXIS 12137, at *6-15 (E.D. Pa. Aug. 6, 1999) (transferring second-filed suit that asked the same question as the first-filed suit—whether a covenant not to compete was enforceable).  The only dispute is which complaint was filed first.  Because MELCO filed the first complaint in New York on April 27, 2015 and Westcode did not file its complaint in state court until May 5, 2015, MELCO's action is first.  *See, e.g.*, *N. Am. Commc'ns, Inc. v. Homeowners Loan Corp.*, No. 3:2006-147, 2007 U.S. Dist. LEXIS 4288, at *9-10 & n.1 (W.D. Pa. Jan. 22, 2007).  Accordingly, under Third Circuit precedent, the Court should dismiss Count IV.

*Second*, Westcode's Complaint should be dismissed because the claims stated in Counts I, II and III are not ripe for review and thus, this Court lacks jurisdiction over those claims.  *See, e.g., Step-Saver Data Systems, Inc. v. Wyse Technology*, 912 F.2d 643, 647 (3d Cir. 1990).  It is axiomatic that federal courts only have jurisdiction to decide "actual controvers[ies]," and cannot issue advisory opinions.  *Id.* (internal quotation mark omitted).  In Counts I, II and III, Westcode asks this Court to declare that MELCO is barred by an unspecified statute of limitations from bringing claims under several additional agreements between the parties.  But MELCO has not filed suit under those contracts, and thus there is no actual controversy about whether a statute of limitation defense applies to any claims arising under those agreements.  Accordingly, those counts should be dismissed for lack of subject matter jurisdiction.

*Finally*, the Court should exercise its discretion to dismiss this Complaint.  Under the Declaratory Judgment Act, a district court's jurisdiction over a declaratory judgment action is not mandatory.  *See* 28 U.S.C. § 2201(a) ("[A]ny court of the United States . . . *may* declare . . . ." (emphasis added)).  Relying upon the Act's permissive language, courts in this district have held that a district court may dismiss a declaratory judgment action to conserve judicial resources.

*See, e.g.*, *Shire U.S. Inc. v. Johnson Matthey, Inc.*, 543 F. Supp. 2d 404, 407 n.6 (E.D. Pa. 2008); *National Foam v. Williams Fire & Hazard Control*, No. 97-3105, 1997 U.S. Dist. LEXIS 16734, at *27 (E.D. Pa. Oct. 28, 1997).   This Court should exercise its discretion to do the same in this case.   It makes little sense for this Court to spend its scarce resources issuing a declaration about the validity of affirmative defenses either to: (1) a lawsuit already filed and being litigated in another federal court; or (2) a lawsuit that MELCO has not filed.   Thus, the Court should exercise its discretion and dismiss this case.

## PROCEDURAL AND FACTUAL BACKGROUND

On April 27, 2015, MELCO filed suit against Westcode in the Northern District of New York.   (*See Mitsubishi Electric Corp. v. Westcode, Inc.*, No. 15-cv-00505-MAD-DEP, (N.D.N.Y. Apr. 27, 2015), ECF No. 1 (the "New York Complaint") (Ex. A).)[1]   In the New York Complaint, MELCO alleges that Westcode breached its obligation to pay approximately $10.8 million that is due under a contract the parties called a "Memorandum of Understanding" or "MOU."   (*See* Ex. A ¶¶ 22-25. )   On the same day it was filed, MELCO sent a copy of the complaint to Westcode's counsel via email.   (*See* Ex. B.)

Despite receiving notice of the complaint on April 27, 2015, Westcode filed its own complaint on May 5—*not* in the Northern District of New York, but in the Court of Common Pleas in Chester County, Pennsylvania (the "Pennsylvania Complaint").   (*See* Ex. C at 12.) Westcode's four-count complaint seeks declaratory judgments that MELCO's claims under a variety of agreements, including the MOU that is already the subject matter of the New York Complaint, are time-barred.   Specifically, Count IV seeks a declaration that the breach of

---

[1] This Court may take judicial notice of documents that are in the public record, including court filings, when deciding a motion to dismiss.  *See, e.g.*, *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014); *In re Niaspan Antitrust Litig.*, 42 F. Supp. 3d 735, 754 (E.D. Pa. 2014) ("[A] court may take judicial notice of court documents to establish the fact of the litigation or of the filings themselves . . . ."); *United States ex rel. Spay v. CVS Caremark Corp.*, 913 F. Supp. 2d 125, 139 (E.D. Pa. 2012) (collecting cases).

contract claims MELCO has made in the New York Complaint arising under the MOU are time-barred.  (*Id*. at 18 ¶¶ 40-42.)    Similarly, Counts I, II and III ask the Court to declare that MELCO's breach of contract claims arising from Westcode's failure to pay the amounts that are due under two different agreements: a "License and Technical Assistance Agreement" and a "Joint Venture Agreement" also are time barred.  (*Id*. at 16-18 ¶¶ 32-39.)  MELCO, however, has not sued Westcode in any court on those breach of contract claims.  (*See generally* Ex. A.)

On May 27, 2015, MELCO removed the Pennsylvania Complaint to this Court on the basis of this Court's diversity jurisdiction over the action.  (*See* Ex. C at 7-9.)  Westcode has not sought to remand this case.  Instead, on June 29, 2015, Westcode filed a motion to dismiss the New York Complaint on the basis that Westcode's Pennsylvania Complaint is the first-filed action.  (*Mitsubishi Electric Corp. v. Westcode, Inc.*, No. 15-cv-00505-MAD-DEP (N.D.N.Y. Apr. 29, 2015), ECF No. 13-1 (Ex. D).)

In its motion to dismiss, Westcode argues that because it filed a praecipe for writ of summons in state court on April 14, 2014, this case is the first-filed suit.  But as Westcode also admits, it never served its writ on MELCO.  (Ex. D at 6-8.)  Pursuant to Pennsylvania Rule of Civil Procedure 404, Westcode was required to serve its writ on MELCO in 90 days, or by July 14, 2014.  Its failure to comply with this deadline means that when Westcode finally filed its state court complaint on May 5, 2015, its writ was deemed re-issued as of that same date.  *See* Pa. R. Civ. P. 401(b)(1) (requiring that a writ be reissued to "continue its validity" if "service . . . is not made within the time prescribed"); Pa. R. Civ. P. 401(b)(5) ("If an action is commenced by writ of summons and a complaint is thereafter filed, the plaintiff instead of reissuing the writ may treat the complaint as alternative original process and as the equivalent for all purposes of a reissued writ, reissued as *of the date of the filing of the complaint*." (emphasis added)).  Thus,

both Westcode's state court complaint and its writ were filed on May 5, 2015, after MELCO filed suit in the district court for the Northern District of New York.

## STANDARD OF REVIEW

A district court should grant a Rule 12(b)(6) motion to dismiss "if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that 'the allegations in a complaint, however true, could not raise a claim of entitlement to relief.'" *Mariotti v. Mariotti Bldg. Prods., Inc.*, 714 F.3d 761, 764-65 (3d Cir. 2013) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007)). And under Rule 12(b)(1), "a court must grant a motion to dismiss if it lacks subject matter jurisdiction to hear a claim." *In re Schering-Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243 (3d Cir. 2012). This is especially so when any claim is not yet ripe for review. *Philadelphia Fed'n of Teachers v. Ridge*, 150 F.3d 319, 322-23 (3d Cir. 1998); *Taylor Inv., Ltd. v. Upper Darby Twp.*, 983 F.2d 1285, 1290 (3d Cir. 1993).

## ARGUMENT

### I. The Court Should Dismiss Or Transfer The Pennsylvania Complaint Based Upon The "First-Filed" Rule.

MELCO's New York Complaint and Count IV of Westcode's Pennsylvania Complaint are mirror images of each other. The New York Complaint asks the New York federal court to enforce MELCO's right to payment under the MOU and the Pennsylvania Complaint asserts an affirmative defense to that claim—that it is time barred under the statute of limitations. Indeed, because Rule 8(c)(1) requires a litigant to "affirmatively state" a statute of limitations defense when responding to a complaint, that issue will necessarily be litigated as part of the New York action, so Westcode will not be prejudiced in any way by the dismissal of Count IV. *See* Fed. R. Civ. P. 8(c)(1). Accordingly, the "first-filed" rule applies and the Court should either dismiss

Count IV or transfer it to the Northern District of New York. And to the extent that the Court does not dismiss Counts I, II and III for lack of subject matter jurisdiction, it should transfer those claims as well because they are more appropriately brought in the New York Action.

### A. MELCO Has Demonstrated (And Westcode Has Conceded) That The First-Filed Rule Applies To The Pennsylvania Action.

It has long been the rule in the Third Circuit that "[i]n all cases of concurrent jurisdiction, the court which first has possession of the subject must decide it." *Crosley*, 122 F.2d at 929 (internal quotation marks omitted). "The first-filed rule is grounded in equitable principles and encourages sound judicial administration and promotes comity among federal courts of equal rank." *D&L Distrib., LLC v. Agxplore Int'l, LLC*, 959 F. Supp. 2d 757, 765-66 (E.D. Pa. 2013) (internal quotation marks omitted). Because of the important policy considerations that this rule serves, "[d]epartures from the rule are rare" and the courts in this Circuit allow a "second action [to] proceed only in exceptional circumstances." *Zelenkofske*, 1999 U.S. Dist. LEXIS 12137, at *7 (internal quotation marks omitted); *accord Uti Corp. v. Plating Resources, Inc.,* No. 99-253, 1999 U.S. Dist. LEXIS 6521, at *17 (E.D. Pa. May 7, 1999) (applying the first-filed rule).

Here, all three of the elements necessary to apply the rule are present. Further, Westcode has already agreed in its motion to dismiss the New York Complaint that with respect to Count IV of the Pennsylvania Complaint: "[t]he claims, parties and relief sought in the Pennsylvania case are identical to the claims, parties and relief sought in this [New York] case." (*See* Ex. D at 10; *see also id.* at 10 ("The claims in both cases arise out of identical facts and the same communications between the same parties relating to the MOU.").)

Thus, Westcode concedes that two out of the three elements—identical parties and substantially similar issues—are satisfied, as it must under the law. *See, e.g.*, *Monsanto Tech. LLC v. Syngenta Crop Prot. Inc.* 212 F. Supp. 2d 1101, 1102-04 (E.D. Mo. 2002) (applying first-

filed rule and transferring second-filed lawsuit where both cases involved substantially overlapping affirmative defenses); *Zelenkofske*, 1999 U.S. Dist. LEXIS 12137, at *5, *15-16 (applying first-filed rule and transferring second-filed lawsuit where both cases involved similar disputes arising out of the same separation and employment agreements); *Good Lad Co. v. B&W Assocs.*, No. 98-6612, 1999 U.S. Dist. LEXIS 1047, at *5-7 (E.D. Pa. Feb. 5, 1999) (applying first-filed rule and dismissing second-filed lawsuit where both cases involved similar disputes arising out of the same easement agreement).

The only dispute, then, is whose action was first.  Under this Circuit's law, MELCO's New York Complaint, as the first-filed federal complaint, was first.  "In applying the first-filed rule, the first-filed case is the federal civil action which is first in time, whether by removal or the actual filing of a civil action in federal court."  *N. Am. Commc'ns*, 2007 U.S. Dist. LEXIS 4288, at *10 n.1.  Put differently, the first-filed rule only applies to *federal* courts during "all cases of *federal concurrent jurisdiction*."  *CTI Sys. SA v. Herr Indus.*, No. 14-cv-6723, 2015 U.S. Dist. LEXIS 30366, at *8 n.18 (E.D. Pa. Mar. 11, 2015) (emphasis added) (internal quotation mark omitted).  Indeed, the rule's very purpose is to promote "comity among federal courts of equal ranks," which necessarily requires that the claims be pending in two federal courts of equal rank.  *Id.* at *8 (internal quotation marks omitted).

Here, MELCO filed its federal New York Complaint on April 27, 2015, while Westcode did not file its Pennsylvania Complaint until May 5, 2015, which was subsequently removed to federal court.  Thus, the first *federal* suit is MELCO's suit in New York.

The fact that Westcode earlier filed a praecipe for writ of summons in the Pennsylvania state court does not change this analysis.  Under Pennsylvania law, because Westcode did not serve its earlier filed writ on MELCO within the prescribed 90-day time period, its writ lapsed.

*See* Pa. R. Civ. P. 401(b)(1) (requiring that a writ be reissued to "continue its validity" if "service . . . is not made within the time prescribed"); *see also* Ex. D at 6 (admitting that Westcode never served the writ).  Although the filing of the Pennsylvania Complaint effectively re-issued the original writ, under the Pennsylvania Rules of Civil Procedure, the filing date of re-issued writ became the same date as the filing of its complaint—May 5, 2015.  Pa. R. Civ. P. 401(b)(5) ("If an action is commenced by writ of summons and a complaint is thereafter filed, the plaintiff instead of reissuing the writ may treat the complaint as alternative original process and as the equivalent for all purposes of a reissued writ, *reissued as of the date of the filing of the complaint*." (emphasis added))  Thus, Westcode clearly came in second in federal court.

Moreover, even if Westcode's earlier filed writ had not expired, the fact that Westcode filed a praecipe for writ of summons against MELCO in the Chester County Court of Common Pleas on April 14, 2014 does not change the conclusion that Westcode's suit is the second-filed suit.  (*See* Ex. D. at 6, 10 n.1.)  Every court in this Circuit that has considered whether the date of the filing of a writ of summons counts for purposes of determining which of two competing suits was filed first has concluded that the filing date of the writ is irrelevant.  *See N. Am. Commc'ns*, 2007 U.S. Dist. LEXIS 4288, at *4, *9-11 (applying first-filed rule to transfer case despite an earlier-filed writ of summons in Pennsylvania state court); *Schiller-Pfeiffer, Inc. v. Country Home Prods.*, No. 04-cv-1444, 2004 U.S. Dist. LEXIS 24180, at *36-37 (E.D. Pa. Dec. 1, 2004) (refusing to apply first-filed rule in favor of a plaintiff who filed an earlier writ of summons, and transferring case to the first-filed federal suit); *Freshtec Food Processing v. East Tray, LLC*, No. 05-142J, 2005 U.S. Dist. LEXIS 29335, at *17 n.6 (W.D. Pa. Nov. 22, 2005) (same);  *Cygnus Ventures, Inc. v. EFS Nat'l Bank, N.A.*, No. 00-cv-1539, 2000 U.S. Dist. LEXIS 8704, at *4-5

(E.D. Pa. June 2, 2000) (refusing to apply first-filed rule in favor of a plaintiff who filed an earlier writ of summons, and refusing to enjoin federal suit).

These cases reject the notion that an earlier-filed writ of summons is a first-filed suit for purposes of the first-filed rule for two reasons. *First*, as previously discussed, the rule applies to the first-filed *federal* suit. *See N. Am. Commc'ns*, 2007 U.S. Dist. LEXIS 4288, at *9-10 & n.1.

*Second*, these cases also recognize that applying the first-filed rule to a writ of summons makes little sense because a defendant has no obligation to respond to a writ and the writ provides no notice about the nature of the plaintiff's claims against a defendant. As the court explained in *Cygnus Ventures,* "by the issuance of a summons, plaintiff did not notify defendants of the substance of the action against them nor could the defendants determine from the face of the summons the scope of the action nor the extent to which they were authorized or required to file counterclaims, affirmative defenses or to otherwise plead." 2000 U.S. Dist. LEXIS 8704, at *4. Thus, the court determined that the date of the writ was irrelevant. *See also Schiller-Pfeiffer,* 2004 U.S. Dist. LEXIS 24180, at *36-37 (refusing to apply first-filed rule when "the praecipe [for writ of summons] only identified the case as an action arising in contract, with no specific allegations regarding the exact grounds for the dispute"); *Freshtec Food Processing*, 2005 U.S. Dist. LEXIS 29335, at *17 n.6 (refusing to apply first-filed rule when "P.R.C.P. 1018.1 indicates that the first time claims are stated, and the first time there is any obligation to respond, is with the service of a complaint").

Both of these reasons apply in this case. MELCO's New York Complaint was the first lawsuit to have been filed in federal court. And second, the writ of summons failed to provide any notice of any claims against MELCO, and was thus wholly insufficient to trigger the first-filed rule. Because Westcode failed to ever serve the writ of summons against MELCO (*see* Ex.

D at 6), MELCO had to request a copy of the writ from the Chester County Court of Common Pleas. All Westcode's writ states is: "You are hereby notified that Plaintiff, Westcode, Inc., has commenced action against you." (Ex. E at 1.) Westcode's writ is even more bare-bones than the writ in, for example, *Schiller-Pfeiffer*, which at least "identified the case as an action arising in contract." 2004 U.S. Dist. LEXIS 24180, at *37.

As these cases recognize, no reviewing court can look to such a bare-bones writ to determine whether it raises identical issues as a competing complaint, which is an essential element of the first-filed rule. In fact, because its writ was so bare-bones, Westcode will need to argue, as it did in its motion to dismiss the New York Complaint, that the writ of summons was the first filing, but will use its next breath to point to its *actual second-filed complaint* to concede that the raised issues are identical. (*Compare* Ex. D at 10 n.1, *with id.* at 10.) Westcode cannot have it both ways. Rather, the Pennsylvania Complaint is the first federal filing that provides MELCO, and this Court, with notice of Westcode's claims, and thus the New York Complaint was the first-filed complaint. This Court should therefore dismiss Count IV of the Pennsylvania Complaint under the first-filed rule.

### B.    No Exceptional Reasons Exist For Departing From The First-Filed Rule.

To avoid application of the first-filed rule, Westcode must demonstrate that this is the truly "rare" case where "exceptional circumstances" exist. *Zelenkofske*, 1999 U.S. Dist. LEXIS 12137, at *7 (internal quotation marks omitted). Exceptional circumstances exist if the plaintiff in the first-filed suit has engaged in forum shopping or acted in bad faith, or where the second-filed suit had developed further at the time the issue was raised. *Id.*

Because neither case has developed further than the other, Westcode will probably argue that MELCO forum-shopped out of bad faith, as it did in its motion to dismiss the New York Complaint. (*See* Ex. D at 15.) After wading through the morass of irrelevant allegations in its

motion, it appears that the "bad faith" Westcode really complains of is that MELCO engaged in settlement negotiations with Westcode, but then filed the New York Complaint instead of rescheduling pre-settlement due diligence "without warning or notice."  (*See* Ex. D at 7-8.)  That conduct is not bad faith.

Indeed, *Zelenkofske* rejected the same argument that one party "lulled" the other by engaging in settlement negotiations while actually preparing for litigation:

> That defendants engaged in settlement negotiations until filing suit on June 30th does not demonstrate bad faith.  The settlement of disputes is encouraged, but parties frequently engage in settlement discussions while preparing to litigate. A party does not relinquish its right ultimately to decide to sue in its forum of choice by engaging in settlement discussions.  A party by virtue of engaging in settlement discussions is not obligated to provide notice to his adversary that he has decided to sue to allow the adversary to commence suit first.

1999 U.S. Dist. LEXIS 12137, at *9. The court reached the same conclusion in *Stone Creek Mechanical v. Carnes Co.*, No. 02-cv-1907, 2002 U.S. Dist. LEXIS 20721, at *9 (E.D. Pa. Oct. 25, 2002), when it held that "contrary to Plaintiff's assertions, Defendant acted within its right when it filed suit against Plaintiff while still engaged in settlement negotiations."

As decisions such as *Zelenkofske* and *Stone Creek* make clear, forum shopping must be the *sole* reason for choosing one forum over another, so bad faith will rarely (if ever) be found where the first action was filed in a logical place.  *Zelenkofske,* 1999 U.S. Dist. LEXIS 12137, at *10.  MELCO's choice of a forum—the Northern District of New York—is consistent with the fact that Westcode's plant is located in that district, the agreement at issue was executed in New York and is governed by New York law, and the agreement involved the production of products to be used in projects performed in New York, all of which makes a federal court in New York a logical forum for MELCO's suit.  Given these facts, which rebut any contention that MELCO

filed in New York in bad faith, this case is not the rare exception to the "first-filed" rule, and the Court should therefore dismiss Count IV of the Pennsylvania Complaint.

### C.    A Dismissal Will Not Prejudice Westcode, But Alternatively, The Court Should Transfer Count IV To The First-Filed Case.

A dismissal will not prejudice Westcode.  As explained above, Federal Rule of Civil Procedure 8(c)(1) requires Westcode to plead its statute of limitations defense in response to the New York Complaint if it wants to assert it, and thus Westcode will have an opportunity to raise this defense there.  A transfer of the Pennsylvania Complaint to the district court in New York will therefore not eliminate any additional expense that can arise in cases where the second suit involved a lengthy counterclaim that would have to be re-pled, thus making a transfer a more efficient option.  Instead, this case presents the situation where dismissal is the most appropriate remedy.

But if it chose to do so, this Court could instead transfer this case to the Northern District of New York.  The first-filed rule, applicable to Count IV, permits transfer in the interest of efficiency if consistent with the private and public interests that underlie 28 U.S.C. § 1404(a).  *Zelenkofske*, 1999 U.S. Dist. LEXIS 12137, at *12.  Both the private and public interests favor a transfer of Count IV.  These same factors also favor transferring Counts I, II, and III in the event that the Court does not dismiss those claims for the reasons set forth below.

The private interests at stake when a court considers a motion to transfer are (1) the parties' preference of a forum, (2) whether the claim arose elsewhere, (3) the convenience of the parties and of witnesses who may be unavailable for trial, and (4) the location of potential evidence.  *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995).  All of these factors weigh in favor of a transfer to the first-filed action in the Northern District of New York.  *First*, MELCO's choice of forum, as the plaintiff in a first-filed action, should receive substantial

weight because "the plaintiff's choice of venue should not be lightly disturbed." *Id*. at 879 (internal quotation mark omitted). Thus, "the existence of a prior related action in the transferee district is a strong factor weighing in favor of transfer in the interest of judicial economy." *Zelenkofske*, 1999 U.S. Dist. LEXIS 12137, at *13.

*Second*, MELCO's claim to monies owed under the MOU arose outside of Pennsylvania: in New York, where the MOU was executed and the transportation projects underlying Westcode's debt to MELCO took place, and in Japan, the destination of all payments owed under the MOU. *See Norben Import Corp. v. Metro. Plant & Flower Corp.*, No. 05-54 (JCL), 2005 U.S. Dist. LEXIS 34386, at *30 (D.N.J. July 15, 2005) ("With respect to venue in breach of contract claims, some courts lay venue where the contract was executed and payments were received."); *Strategic Learning, Inc. v. Wentz*, No. 04-4341, 2005 U.S. Dist. LEXIS 1609, at *10 (E.D. Pa. Feb. 1, 2005) (stating that "the place where the contract was executed" and "payments were received" is an appropriate venue for litigation); *Nowicki v. United Timber Co.*, No. 99-257, 1999 U.S. Dist. LEXIS 12458, at *1 n.1 (E.D. Pa. Aug. 12, 1999) (venue was proper in district where contract negotiated and executed); *see also* Ex. C, Ex. C thereto, preambles and art. 3. Indeed, that is why the parties agreed to be bound by New York law in Article 9 of the MOU, and not by Pennsylvania law. (Ex. C, Ex. C thereto, art. 9.)

*Third*, the Northern District of New York is far more convenient for Westcode than it is for MELCO, as Westcode already has a location in Binghamton, New York (*see* Ex. C at 8 ¶ 4), while MELCO is a foreign Japanese corporation with no physical locations in the Northern District of New York. *Finally*, because Westcode is in New York and the MOU was executed in New York, the relevant witnesses and evidence are also located there.

13

The relevant public interests, which include (1) the relative administrative difficulty resulting from court congestion, (2) the familiarity of the trial judge with the applicable law, and (3) the public policies of the fora, also favor a transfer to the Northern District of New York. *Jumara*, 55 F.3d at 879-80.  First, there is no indication that Judge D'Agostino's docket in the Northern District of New York is appreciably more congested than this Court's docket or moves more slowly.  *See, e.g.*, United States Courts, *Civil Justice Reform Act*: *Report of Motions Pending over Six Months* 171, 456 (Sept. 30, 2014), *available at* http://www.uscourts.gov/file/18076/download (stating that Judge D'Agostino's docket and this Court's docket both have zero motions that have been pending for over six months).  And the second and third factors in this case are related: New York law governs the MOU, so although this Court is undoubtedly capable of applying New York law, the Northern District of New York will be more familiar with that law, and indeed has a greater interest in presiding over the development of New York contract law than this Court would have.  Thus, the public policy of having courts in New York decide New York law, coupled with the familiarity of that court with New York law, weigh in favor of transferring this case to the Northern District of New York if this Court so chooses.

## II.    This Court Lacks Subject Matter Jurisdiction Over Counts I, II And III Because These Claims Are Not Ripe For Decision.

The Court also should dismiss Counts I, II and III because these claims are not ripe for review.  Article III, Section 2 of the Constitution prohibits federal courts from deciding cases where there is no "case" or "controversy," so a federal court can only issue a declaratory judgment if that declaration will resolve an "actual controversy."  *Step-Saver Data Systems, Inc. v. Wyse Technology*, 912 F.2d 643, 647 (3d Cir. 1990).  As the Third Circuit has explained, "[t]he discretionary power [contained in the Declaratory Judgment Act] to determine the rights of the parties before injury has actually happened cannot be exercised unless there is a legitimate

14

dispute between the parties." *Id*. Three main considerations control whether there is an actual controversy: (1) the adversity of the parties' interests; (2) the conclusiveness of the judgment; and (3) the practical utility of the judgment. *Id*. All three of these factors weigh in favor of dismissing Counts I, II and III of the Pennsylvania Complaint.

A.    **MELCO And Westcode's Interests Are Not Currently Adverse.**

The first factor, adversity of interests, requires a real dispute. When the harm that a declaratory-judgment plaintiff complains about is the risk of a future lawsuit, the alleged threat of litigation must be sufficiently "specific and concrete" for that declaratory judgment to be ripe. *Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891, 897 (5th Cir. 2000). In other words, there must be plausible factual allegations of a credible and imminent threat of litigation, and not just speculation that a lawsuit might be filed. *See New Jersey Hospital Ass'n v. United States*, 23 F. Supp. 2d 497, 504 (D.N.J. 1998).

When a plaintiff seeks a declaratory judgment that a statute of limitations or some other affirmative defense affects a currently nonexistent lawsuit, this burden is particularly high because such declaratory judgment actions require the court to decide defenses in a vacuum. *Williams v. BASF Catalysts LLC*, 765 F.3d 306, 327-28 (3d Cir. 2014). In *Williams*, the plaintiffs alleged a conspiracy to prevent thousands of asbestos-injury victims from obtaining fair recoveries for their injuries. *Id.* at 310. As part of the requested relief, plaintiffs sought a declaratory judgment that any future asbestos-injury claims were not barred by certain unspecified state statutes of limitation. *Id.* at 325. The Third Circuit affirmed the district court's dismissal of the plaintiffs' claims on ripeness grounds because the alleged future claims did not currently exist, making the question of what defenses might apply "abst[r]act" and incapable of "provid[ing] a conclusive resolution of an existing controversy." *Id.* at 328.

15

Similarly, in *In re Beaver Building Centers, Inc.*, a bankruptcy court dismissed a complaint that sought a declaratory judgment that a prospective, unfiled fraudulent conveyance action was time-barred under state law. 127 B.R. 343, 343-44 (Bankr. W.D. Pa. 1991). The court held that there was no actual, immediate controversy, reasoning that a "statute of limitations is an affirmative defense which will be waived if not raised," and "[i]t is difficult for a court, in advance of actual litigation, to rule upon the validity of a particular defense." *Id.* at 345. It therefore dismissed the complaint on ripeness grounds. *Id.* at 346.

Here, Westcode is in the exact same position as the plaintiffs in *Williams* and *Beaver Building Centers*. MELCO has not sued Westcode for breach of contract damages under any of the agreements referenced in Counts I, II or III. Indeed, Westcode's complaint does not even allege that MELCO has threatened suit under these contracts. Therefore, what Westcode is asking this Court to do is to rule on the validity of an affirmative defense, in a vacuum, without any actual litigation pending that would define the parameters of these claims. *Williams* thus mandates that these claims be dismissed. 765 F.3d at 328.

### B. Any Judgment On Counts I, II Or III Also Would Not Be Sufficiently Conclusive.

Because Westcode's declaratory judgment action asks this Court to rule on an affirmative defense in a vacuum, it also fails the second requirement for ripeness—that any judgment be "sufficiently conclusive to define and clarify the legal rights or relations of the parties." *Step-Saver*, 912 F.2d at 648.

The Pennsylvania Complaint asks this Court to apply an unspecified statute of limitations to unspecified payments that Westcode failed to make under several agreements and determine whether those missed payments fall within the applicable limitations period. Proceeding through these analytical steps will require this Court to apply law to facts, but to what facts? If the

accrual date of the applicable limitations period is a particular missed payment, for example, that accrual date will fluctuate depending on the exact specifics of a claim, if any, that MELCO would bring in the future.  Perhaps MELCO and Westcode would disagree on which payments were missed and when, which would affect the accrual date of the applicable statute of limitations and thus the final judgment.  Or other agreements might apply to certain of the payments, making the statute of limitations defense moot.

Either way, because the statute of limitations is an affirmative defense to a claim, this Court would first have to wait for MELCO to make a determination on *whether* to sue for a particular overdue payment before its ruling could conclusively decide whether that suit was time-barred.  Any ruling today would simply be "an opinion advising what the law would be upon a hypothetical state of facts," which the Third Circuit teaches is impermissible. *Step-Saver*, 942 F.2d at 649; *accord Williams*, 765 F.3d at 328 (holding that a declaratory judgment action was unripe because "the nature of the claims and defenses[] and the substantive law to be applied are all unknown"); *Busy Beaver Bldg. Centers,* 127 B.R. at 345 ("[T]he declaration of the applicability of a particular statute of limitations without the benefit of pleadings and without providing the parties an opportunity to contest the facts and legal theory of the complaint would be advisory in nature and constitutionally prohibited.").

### C.     This Court Cannot Render A Judgment With Practical Utility On Counts I, II, And III.

Finally, a declaratory judgment on Counts I, II and III "would be of remarkably little use at this stage." *Step-Saver*, 942 F.2d at 649.  Westcode attempts to allege otherwise by claiming that the "mere existence of [MELCO'S] aforementioned claims . . . is threatening Westcode's viability in that they preclude Westcode form [sic] obtaining desperately needed financing and/or refinancing to carry on its operations."  (Ex. C at 16 ¶ 30.)  But as the Third Circuit explained in

17

*Williams*, there is "no hardship" to parties when a court declines to decide an affirmative defense in advance of litigation, because the only time that determination can ever be useful is *after* the lawsuit is actually filed.  765 F.3d at 328.  That is likely why Westcode has been unable to plausibly plead *how exactly* these claims, having never been asserted by MELCO, are currently affecting Westcode's financial condition or behavior today in some nonspeculative way.  *See, e.g.*, *Auto Parts Mfg. Miss. v. King Constr. of Houston, LLC*, No. 1:11-CV-00251-GHD-SAA, 2014 U.S. Dist. LEXIS 38305, at *15-16 (N.D. Miss. Mar. 24, 2014) (dismissing a claim to an interpleaded fund on ripeness grounds when the claimant's purported lien on the fund's assets depended on a speculative future dispute); *SEC v. Mgmt. Solutions*, No. 2:11-cv-01165-BSJ, 2013 U.S. Dist. LEXIS 21552, at *18-19 (D. Utah Feb. 15, 2013) (dismissing motion for enforcement of contractual prepayment premiums on ripeness grounds when the right to collect premiums depended on prepayments that had not occurred).  Given these factual deficiencies in the Pennsylvania Complaint, no judgment could have current practical utility for Westcode.

*    *    *

Because Counts I, II and III fail to satisfy any of the three ripeness requirements, the Court should dismiss these claims for lack of subject matter jurisdiction.

## III.    This Court Should Exercise Its Discretion And Dismiss Westcode's Complaint.

Alternatively, the Court should exercise its discretion to dismiss this Complaint in its entirety.  Under either the Declaratory Judgment Act or the Pennsylvania Declaratory Judgment Act, a district court may decline to exercise jurisdiction over a declaratory judgment action.  *See* 28 U.S.C. § 2201(a) ("[A]ny Court of the United States . . . *may* declare . . . ." (emphasis added)); *Pennsylvania State Lodge, FOP v. Commonwealth*, 692 A.2d 609, 613 (Pa. Commw. Ct. 1997) ("[W]hether a court should exercise jurisdiction over a declaratory judgment

18

proceeding is a matter of sound judicial discretion.").[2]  Thus, practical considerations such as "the importance of conservation of judicial resources and the comprehensive disposition of litigation" may lead to dismissal.  *National Foam*, 1997 U.S. Dist. LEXIS 16734, at *27 (internal quotation marks omitted).

Here, this Court should not expend its judicial resources deciding claims that are affirmative defenses either to: (1) a lawsuit already filed and already being litigated elsewhere; or (2) a lawsuit that has not been filed and does not currently exist.  With respect to Count IV of Pennsylvania Complaint, "[f]orcing [MELCO] to litigate the same issues in two separate actions would be neither just nor economical and would be an unnecessary encumbrance on the judicial system."  *Good Lad*, 1999 U.S. Dist. LEXIS 1047, at *6 (exercising discretion to dismiss declaratory judgment action).  And Counts I, II and III raise a defense to claims that MELCO has not asserted, making litigation of those defenses today a complete waste of judicial resources.  Accordingly, this Court should exercise its inherent discretion to dismiss the Pennsylvania Complaint in its entirety.

---

[2] Westcode's complaint cites the Pennsylvania statute.  (*See* Ex. C at 12.)

# CONCLUSION

For all of the foregoing reasons, MELCO respectfully requests that the Court dismiss Westcode's Complaint in its entirety and grant such other relief as may be just.

Dated:  July 1, 2015                    Respectfully submitted,

                                        **MITSUBISHI ELECTRIC CORPORATION**


                                        By:    */s/ William T. Hangley*
                                               William T. Hangley (P.A. Atty. I.D. No. 3533)

                                        HANGLEY ARONCHICK SEGAL
                                        PUDLIN & SCHILLER
                                        One Logan Square
                                        27th Floor
                                        Philadelphia, PA 19103
                                        (215) 496-7001

OF COUNSEL:

Terrence J. Truax
Catherine L. Steege
Devlin Su
JENNER & BLOCK LLP
353 North Clark Street
Chicago, Illinois 60654-3456
(312) 222-9350